IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERONICA EILEEN GARCIA,

        Plaintiff,

v.                                                                No. 1:19-cv-00718-WJ-LF

SANTA FE COUNTY ADULT
DETENTION FACILITY,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 5, 2019, and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 5, 2019 ("Application").

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant

to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *See Adkins* v. E.I. *DuPont* de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and stated: (i) her monthly income is $192.00; (ii) her monthly expenses total $632.00; and she is not employed. The Court grants Plaintiff's Application to proceed *in forma pauperis* because Plaintiff is unemployed and her monthly expenses exceed her low monthly income.

**Dismissal of the Case**

Plaintiff alleges that employees at the Santa Fe County Adult Detention Facility violated her civil rights by strip-searching her, not providing her with medical care, tampering with her food tray, refusing to put her in protective custody, and threatening her. *See* Complaint at 7-9. Santa Fe County Adult Detention Facility is the sole defendant. *See* Complaint at 1-2.

The Complaint fails to state a claim against Defendant Santa Fe County Adult Detention Facility because is not a separate suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also*

*Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). Because Plaintiff failed to state a claim against Defendant Santa Fe County Adult Detention Facility, and it would be futile to give Plaintiff an opportunity to amend the Complaint against Defendant Santa Fe County Adult Detention Facility, the Court must dismiss this case.

    **IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 5, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**